United States District Court for the District of Montana
Missoula Division

Andy Loren Fisher
    Plaintiff

Cause No; CV 21-97-M-DWM
Jury Trial Demanded

Lake County Montana
Bill Barron; Steve Stanley;
Gale Decker; Kate Stinger;
Donald Bell, Ben Woods; and
Does 1-10
                  Defendants.

This Court has Jurisdiction over this action under the 28 U.S.C. Sections 1331 and 1343(3) and (4). The matters in Controversy Arise under 42 U.S.C. Section 1983, Venue Properly lies in this District Pursuant to 28 U.S.C. Section 1391(B)(2), Because the events giving rise to this Cause of action occurred at the Lake County Jail Facility, Located at 106 4th Ave. East, In Polson Montana.

Plaintiff Andy Loren Fisher, Is and was, At all times Relevant Here to, A Prisoner In the Custody of Lake County Montana, Andy Loren Fisher was Incarcerated at Lake County Jail, Facility From November 17th 2017 to August 29th 2019, (651 days).

Defendant Bill Barron is a County Commissioner, Who at all times Relevant Here to Was a Commissioner For the County, Who's Job is to over see the County Jail and Maintain its Policies, and ensure the Safty and security of the Jail Facility.

1.

Defendant Steve Stanley is a County Commissoner, Who at all times Relevant Hereto Was a Commissioner for the County who's Job is to over see the County Jail, and Maintain its Polices, and ensure the Safety and security of the Jail Facility.

Defendant Gale Decker is a County Commissioner, Who at all times Relevant Hereto Was a Commissioner for the County, who's Job is to over see the Lake County Jail, and Maintain its Policies, and ensure the Safety and security of the Jail Facility.

Defendant Donald Bell is and was all Relevant times Herein the Sheriff or "superintendent" of the Lake County Jail Facility, Defendant Manages its day to day Operations and executes its Policies, With the responsibility for Operating and Maintaining Detention, Penal and Corrective Institutions Within the City of Polson, Including the Jail Facility.

Defendant Ben Woods Is and Was at all Relevant Times Herein the Warden or Superintendent of the Jail Facility Defendant Manages its day to day Operations and executes its Policies.

Defendant City of Polson Is and Was at all Relevant times Here in A municipal Corporation of the State of Montana, This Action Arisis under and is brought Pursuant to 42 U.S.C. Section 1983 to Remedy the Deprivation under Color of State Law, of Rights Guaranteed By the Eighth and Fourteenth Amendment to the United States Constitution. This Court has Jurisdiction over this action Pursuant to 28 U.S.C. Section 1331 and 1343.

Plaintiffs Claims for Relief are Authorized by rule 65 of the Federal Rules of Civil Procedure. This Cause of Action Arose In the County of Lake, Division of Missoula, Therefore, Venue is Proper Under 28 U.S.C. section 1391(B).

Plaintiff Andy Loren Fisher Has filed no other lawsuits dealing with the same facts Involved with this Action or otherwise Relating to his Imprisonment.

Plaintiff Andy Loren Fisher Has exhausted All Administrative Remedies At the Lake County Jail Facility.

At all Relevant Times Herein, Defendants were "Persons" For Purposes of 42 U.S.C. section 1983 and Action under Color of law to deprive Plaintiff Andy Loren Fisher of These Constitutional Rights, As set Forth more fully below - The Lake County Jail is Used to Confine Pre-Trial detainees who have not yet been Convicted of any Crime, and who Bear the Legal Presumption of Innocence. Inmates are Confined In the Jail for Periods extending from a few hours to more than three years in Length. Inmates are deprived of the essentials of Soap, Toothpast, and Shampoo For unreasonable periods of times.

Inmates are required to Share Razors, Thereby Creating a Health Hazared.

Inmates are crowded into Cells and many Inmates are required to sleep on broken bunks or on the floor, In Inadequate bedding

Becuse the Jail is overcrowded, and because of Inadequate screening Process Inmates are not Appropriately Categorized and segregated.

Heating and Cooling Vents are Visibly Clogged, and Appropriate room Temperatures Can not be maintained. Inmates Regularly lack access to Hot Water for periods of days or longer. The Jail is infested with insects, and Inadequate measures are taken to Control and Prevent such Infestations. The physical Infrastructure of the Jail is deteriorating to the point of Failure, with beds detaching from the Walls. Ventilation Systems unable to properly Provide Air exchange. The Paint is pealing from the Walls and Ceilings, Metal Surfaces Rusting, Mold growing on the Ceilings, Walls, and Floors, and Mattresses, and non-functional Sanitation systems.

3.

This Physical deterioration of the Jail presents Hazards to Inmates mental and physical Health.

The Jail Has no Reasonable Plan to ensure Inmates Safety In the event of a Fire. The Jail lacks Appropriate Fire Alarm Systems, Emergency Protocals Fire suppression equipment. Most cells lack Intercom systems, and Inmates must pound on the door and yell to notify staff In the event of an Emergency.

The Jail offers little or no opportunity for exercise or recreation for Inmates, and no opportunity for outdoor Recreation, as a result of overcrowding. The small dedicated Recreational space In the Jail Is often used for Housing Inmates, Even when It is Available for Recreation. The space dose not provide to the outdoors and is empty of exercise equipment. Inmates lack Reasonable Access to Fresh air and sunlight. Most Inmates are required to spend 24 hours of everyday In enforced Idleness In small Cell Blocks or in segregation. This Results in Unreasonable and unnecessary Psychological stress and physical Deterioration for the Prisoners. Inmates are deprived of reasonable access to a law liabrary, legal Recources, or to persons trained in the law. Inmates are deprived of Reasonable apportunities to Petition for Redress of Grievances, The Visiting Room Is Regularly used as a Solitary Confinement cell, and is so small that there is no room to walk when a mattress is placed on the floor. This room lacks running water and a toilet. At least one Inmate has hanged Himself from the phone in This room while in solitary Confinement. Based on Information and relief Jail Staff read Privileged Inmate Mails, Including legal mail. Inmates are effectively deprived of reasonable Access to medical care, regardless of Insurance status, Tribal Membership, And Indigency. Inmates are charged even when they do not see a licensed Practitioner.

Inmates are deprived of reasonable dental care. The Jail does not Provide reasonable Accommodations for Inmates with Disabilities. Food Portions are inadequate, and there is insufficient Variations In meals. The Jail Fails to Provide special Diets for Inmates with special dietary Practice and needs.

The Jail Fails to Allow Reasonable opportunity for Visitation by Family Members and Friends, As the Visitation cells Generally is used to house inmates. The Jail fails to allow reasonable opportunity for Private Communications with counsel. Inmates must confer with counsel in public facing Area with Audio and Video Recording equipment installed, and other may hear there Communications. The Jail fails to disseminate Jail rules and regulations adequately to inmates. Native American inmates are denied access to Native American Religious Ceremonies, Tribal and religious Leaders and Ceremonial Materials. Although Most inmates are Native American. Inmates are giving Access exclusively to Christian Religious Ceremonies. Native American Inmates are denied their right to engage in reasonable Native American Religious Practices, and therefore the free exercise of there religion. Though their Acts and omissions described above Defendants fail to operate and Maintain the Lake County Jail In a manner Consistant with the requirement of Federal and State Law, Unless and until this Court Grants Injunctive relief requested here plaintiffs and class Members will Continue to suffer Irreparable injury due to the cruel and unusual punishment and other Illegal and unconstitutional conditions that are forced upon them on a daily Basis. As a result of the acts and omissons described above Defendants have deprived plaintiffs and class members of the right secured by sixth, Eighth, and Fourteenth Amendments to there right to due Process of Law and the equal Protection of the Laws; their rights to be free from Cruel and unusual Punishment; and their rights to Acess to the Courts, Denied their right to the free exercise of religion and to Equal Protection, Defendants have Deprived Plaintiffs and subclass

5.

members with the right to Adequate, and cost free medical care. Defendants have deprived plaintiffs and class members of the rights secured to them by ~~Article~~ Articles II sections, 3, 4, 5, 16, 17, 22, 28 and 34 of the Montana Constitution, The Montana Religious Freedom Restoration Act, MCA 27-3-101, And State Statutory Law Relating to the Operation and maintenance of the Jails and the rights of Prisoners, Including MCA, 7-32-2121, 7-32-2201, 7-22-2204, 7-22-2205, 7-32-2222, 7-32-2234, 45-5-204, 46-18-101 And 46-18-801, Plaintiffs and Subclass Members seek relief under 42 U.S.C. 1983, And Relief under this Courts Pendent Jurisdiction of State Law Claims.

## Relief

For all of the above-stated reasons, Plaintiffs and class members request that this Court Award the following relief;

1.) Assume Jurisdiction of this Action.

2.) Determine that the Action will be ~~that~~ maintained as a class Action Pursuant to FRCP 23, with the Class and Subclass designated as described above.

3.) Issue final Declaratory relief Pursuant to 28 USC. Section 2201 and ~~2~~ 2202. Declaring that Defendants have Violated Plaintiffs Rights secured by the Constitution and laws of the United States, and the State of Montana.

4.) Issue Preliminary and Permanent Injunctive Relief Pursuant to FRCP 65, enjoining Defendants, Their Agents and all those Acting in concert with them. From Depriving Plaintiffs of the rights secured to them by the Constitutions, and law of the United States, and the State of Montana and ~~required~~ requiring the Implementation of an Appropriat Plan of Remediation

5.) Award subclass members damages for unlawfully charging enrolled Tribal members for medical care during their terms of Incarceration.

6.) Award Plaintiff Their Reasonable Attorneys Fees.

### Jury Demand

Plaintiffs and class members demand a trial by Jury on all Issues

Sc Tribal

Date This                                day of January 2023

(Pro Se) Andy Loren Fisher

The Confederated Salish and Kootnee Tribe
Enrollment NO. 11244
SN: 517-1-1-6903
DB: 04-20-1987

7.